UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:21-cv-7195-FLA (MAR) | Date:  October 6, 2021 |

Title:   *Owen Garth Hinkson v. Warden of FCI Lompoc*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

**I.
BACKGROUND**

On February 21, 2017, a grand jury indicted Petitioner Owen Garth Hinkson ("Petitioner") on one (1) count of illegally reentering the United States after having previously been deported and removed (8 U.S.C. § 1326(a) and (b)(2)), which Plaintiff subsequently pled guilty to.  United States v. Hinkson, 744 F. App'x 656, 659 (11th Cir. 2018).  The United States District Court for the Northern District of Georgia sentenced Petitioner to seventy-two (72) months' imprisonment to run consecutively to Petitioner's twenty-four (24) month sentence for violating the terms of his supervised release from his 2015 illegal reentry conviction.  Id. at 660–61.  The United States Court of Appeals for the Eleventh Circuit affirmed the district court's judgment as to Petitioner's convictions.  Id. at 663.

On February 8, 2018, Petitioner filed a Petition for Writ of Coram Nobis in the United States District Court for the Eastern District of Texas.  Hinkson v. United States, No. 1:18-CV-64, 2020 WL 8621515 (E.D. Tex. Nov. 23, 2020), report and recommendation adopted, No. 1:18-CV-64, 2021 WL 706719 (E.D. Tex. Feb. 22, 2021).  On November 23, 2020, the magistrate judge issued a Report and Recommendation recommending that the Petition for Writ of Coram Nobis be denied, which the district court adopted on February 22, 2021.  Id. at *3; Hinkson v. United States, No. 1:18-CV-64, 2021 WL 706719 (E.D. Tex. Feb. 22, 2021).  On March 16, 2021, Petitioner appealed the district court's decision to the United States Court of Appeals for the Fifth Circuit, where the appeal is now pending before the Fifth Circuit.  Hinkson v. USA, No. 21-40174 (5th Cir. 2021)

On August 25, 2021, Petitioner constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("section 2241").  ECF Docket No. ("Dkt.") 1.  The Petition alleges that, during Petitioner's October 1983 deportation proceedings, Petitioner never received a "Second Notice to Appear, because it was sent to the wrong address."  Dkt. 1 at 5–7.  Furthermore,

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:21-cv-7195-FLA (MAR)                                                  Date:  October 6, 2021

Title:   *Owen Garth Hinkson v. Warden of FCI Lompoc*

Petitioner argues that section 1326, the statute he was convicted under, "violates the Equal Protection Clause of the Fifth Amendment" and therefore Petitioner is illegally in custody.  Id.  Petitioner requests that the Court grant his Petition and order Respondent to "release and or re-open the Deportation Proceeding."[2]  Id. at 10.

## II.
## DISCUSSION

### A.   28 U.S.C. § 2255 MOTION

#### 1.   Applicable law

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court."  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court.  Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).  A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' "  Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614(1998)).  With respect to the second prong of section 2255's escape hatch,

---

[2] Based on the instant Petition, it is unclear whether or not Petitioner is presently subject to a removal order pending the completion of his sentence.  See Dkt. 1.  However, to the extent that the Petition constitutes a challenge to any removal order that Petitioner may currently be facing, this Court lacks the requisite jurisdiction to hear such a challenge.  See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (explaining that the REAL ID Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal."); REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 § 106(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-7195-FLA (MAR)                                              Date:  October 6, 2021

Title:   *Owen Garth Hinkson v. Warden of FCI Lompoc*

whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider:  "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**2.     Analysis**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution."  See Harrison, 519 F.3d at 956.  Rather, Petitioner appears to challenge the legality of his 2017 conviction and sentence.  See Dkt. 1 at 7–10.  Thus, Petitioner cannot proceed in this Court, the custodial court, unless section 2255's "escape hatch" provision applies.  See Lorentsen, 223 F.3d at 953.

Here, Petitioner does not allege actual innocence, but instead makes a series of allegations concerning his October 1983 deportation proceedings, and challenges the constitutionality of section 1326, the statute underlying his 2017 conviction.  Dkt. 1 at 5–7.  However, even if Petitioner did allege actual innocence, the Petition fails to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Stephens, 464 F.3d at 898 (citations omitted).  Petitioner also fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch.  See Alaimalo, 645 F.3d at 1047.  Thus, the instant Petition appears to be a section 2255 motion disguised as a section 2241 motion and this Court lacks jurisdiction over the Petition.  See Hernandez, 204 F.3d at 864–65.

**III.
ORDER**

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by October 27, 2021**.  In the response, Petitioner must select one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the section 2255 escape hatch, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:21-cv-7195-FLA (MAR)                                          Date:  October 6, 2021

Title:   *Owen Garth Hinkson v. Warden of FCI Lompoc*

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-one (21) days** after the date of this Order.  **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**. The Court advises Petitioner, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐  This action is dismissed by the Plaintiff(s) in its entirety.

☐  The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐  The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐  **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____        _____
*Date*                        *Signature of Attorney/Party*

NOTE:   **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**