UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN GARTH HINKSON,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN OF FCI LOMPOC,<br><br>                Respondent. | Case No. 2:21-cv-7195-FLA (MAR)<br><br>**MEMORANDUM AND ORDER DISMISSING THE ACTION** |

## I.

## INTRODUCTION

On August 25, 2021, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("section 2241"). ECF Docket No. ("Dkt.") 1. On October 5, 2021, the court issued an Order to Show Cause ("OSC") why this action should not be dismissed for lack of jurisdiction. Dkt. 6. On March 7, 2022, Petitioner filed a First Amended Petition ("FAP"). Dkt. 13. The FAP argues Petitioner's original removal order was unconstitutional and, therefore, Petitioner is "actually innocent" of all his subsequent convictions for illegally reentry. Dkt. 13 at 6–12. As discussed below, the action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

/ / /

/ / /

## II.
## **BACKGROUND**

On February 21, 2017, a grand jury indicted Petitioner on one (1) count of illegally reentering the United States after having previously been deported and removed (8 U.S.C. § 1326(a) and (b)(2)), to which Petitioner subsequently pleaded guilty. *United States v. Hinkson*, 744 F. App'x 656, 659 (11th Cir. 2018). The United States District Court for the Northern District of Georgia sentenced Petitioner to seventy-two (72) months' imprisonment to run consecutively to Petitioner's twenty-four (24) month sentence for violating the terms of his supervised release from his 2015 illegal reentry conviction. *Id.* at 660–61. The United States Court of Appeals for the Eleventh Circuit affirmed the district court's judgment as to Petitioner's convictions. *Id.* at 663.

On February 8, 2018, Petitioner filed a Petition for Writ of Coram Nobis in the United States District Court for the Eastern District of Texas. *Hinkson v. United States*, No. 1:18-CV-64, 2020 WL 8621515 (E.D. Tex. Nov. 23, 2020), *report and recommendation adopted*, No. 1:18-CV-64, 2021 WL 706719 (E.D. Tex. Feb. 22, 2021). On November 23, 2020, the magistrate judge issued a Report and Recommendation recommending that the Petition for Writ of Coram Nobis be denied, which the district court adopted on February 22, 2021. *Id.* at *3; *Hinkson v. United States*, No. 1:18-CV-64, 2021 WL 706719 (E.D. Tex. Feb. 22, 2021). On March 16, 2021, Petitioner appealed the district court's decision to the United States Court of Appeals for the Fifth Circuit, where the appeal is now pending. *Hinkson v. USA*, No. 21-40174 (5th Cir. 2021).

On August 25, 2021, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("section 2241"). Dkt. 1. On October 5, 2021, the court issued an OSC why this action should not be dismissed for lack of jurisdiction. Dkt. 6. On December 15, 2021, Petitioner filed a Motion to Amend his Petition. Dkt. 9. Because Petitioner had not clearly responded to the

court's OSC, the court again ordered Petitioner to show the court had jurisdiction over the Petition. Dkt. 10.

On March 7, 2022, Petitioner filed a second Motion to Amend his Petition. Dkt. 13. Upon review, Petitioner's Motion appears to be a proposed First Amended Petition ("FAP"). *Id.* However, the FAP does appear to respond to the court's OSC in a dedicated section addressing the court's jurisdiction. Dkt. 13 at 2–6. As discussed below, Petitioner has still failed to show this court has jurisdiction over his Petition.

### III.
### DISCUSSION

**A.    28 U.S.C. § 2255 MOTION**

    **1.    Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court." *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to the general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under section 2255's escape hatch in the custodial court "when

3

the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614 (1998)). "It is important to note ... that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citations omitted). With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**2. Analysis**

Here, Petitioner appears to acknowledge that he does not challenge "the manner, location, or conditions of a sentence's execution." *See Harrison*, 519 F.3d at 956. Rather, Petitioner appears to challenge the legality of his 2017 conviction and sentence. *See* Dkt. 13 at 13–16. Thus, Petitioner cannot proceed in this court, the custodial court, unless section 2255's "escape hatch" provision applies. *See Lorentsen*, 223 F.3d at 953.

First, it is not clear that Petitioner is alleging "actual innocence." Petitioner cites *Aetna Life Ins. Co. v. Patrick Tremblay*, 233 U.S. 185 (1912), to argue that his original deportation was unconstitutional because it relied on the validity of a foreign judgment—a 1982 Canadian conviction. Dkt. 13 at 2–6. Specifically, Petitioner argues the immigration judge acted "without subject matter jurisdiction"

4

by deporting him in reliance on a foreign judgment and, thus, his initial removal violated his Fifth Amendment right to due process. *Id.* at 6–12. Accordingly, because his original removal was unconstitutional, Petitioner argues he is "actually innocent" of all his subsequent convictions for illegally reentry. *Id.* at 9–12.

As an initial matter, the Ninth Circuit has already rejected a similar argument —that a removal order based on a foreign conviction is unconstitutional – in *Brice v. Pickett*, 515 F.2d 153, 153–54 (9th Cir. 1975), holding that the petitioner's "argument that deportation based on a foreign conviction for possession of marijuana is unconstitutional [to be] meritless." Furthermore, even if Petitioner's argument had merit, it is unclear whether such an argument is the type of claim of "actual innocence" contemplated by section 2255's escape hatch provision.

Ultimately, the question of whether Petitioner presents a claim of "actual innocence" is moot because he does not meet the second prong of section 2255's escape hatch. *See Ivy v. Pontesso*, 328 F.3d 1057, 1061 (9th Cir. 2003) ("To the extent that Ivy may have a viable claim of innocence, something we do not decide, he has not been denied an unobstructed procedural opportunity to present it. For that reason, § 2255 does not provide an inadequate or ineffective remedy."). Petitioner admits he presented the same issue to both the United States District Court for the Northern District of Georgia and the United States Court of Appeals for the Fifth Circuit. Dkt. 13 at 6. Indeed, Petitioner's appeal in the Fifth Circuit remains pending. *See Hinkson v. USA*, No. 21-40174 (5th Cir. 2021).

Accordingly, Petitioner cannot show he lacks an unobstructed procedural shot to raise his claim because "[h]e must never have had the opportunity to raise it by motion" to qualify for the escape hatch. *Ivy*, 328 F.3d at 1060; *see also Sperow v. United States*, No. CV 13-4244-DMG (JCG), 2013 WL 6910415, at *2 n.2 (C.D. Cal. Dec. 31, 2013) (stating "because Petitioner's § 2255 motion in Idaho District

5

Court remains pending, there is no basis for the Court to find that Petitioner had no remedy under § 2255").

Therefore, Petitioner has failed to qualify for section 2255's escape hatch provision.

## V.
## **ORDER**

It is, therefore, ORDERED that Petitioner's Motion is DENIED and the Petition is DISMISSED without prejudice.

Dated: April 5, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28